IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| TERRY L. BREWER, | ) | |
| a/k/a Myia Brewer | ) | |
| a/k/a Myia Lamonziyah Brewer, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 323-007 |
| | ) | |
| WARDEN BRIAN CHAMBERS; TRAVIS | ) | |
| PROSSER; CHABARA BRAGG; SGT. | ) | |
| JACKSON; and CAPTAIN ROACH, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently incarcerated at Macon State Prison in Macon Georgia, filed this case pursuant to 42 U.S.C. § 1983 concerning events alleged to have taken place at Johnson State Prison in Wrightsville, Georgia. Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). Because Plaintiff is proceeding IFP, the amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.  **SCREENING THE AMENDED COMPLAINT**

   A.  **BACKGROUND**

The Court directed Plaintiff to file an amended complaint concerning events alleged to have taken place at Costal State Prison ("CSP") and Johnson State Prison ("JSP"). (See generally doc. nos. 1, 6-8.) Because Plaintiff's claims from JSP do not arise out of the same

transaction or occurrence as her claims from CSP, the Court directed the Clerk of Court to sever Plaintiff's amended complaint and open a new civil action in the Dublin Division for the JSP claims and defendants. (Doc. no. 8.) Thus, the instant case only considers Plaintiff's claims arising at JSP against Defendants: (1) Warden Brian Chambers, (2) Travis Prosser, (3) Chabara Bragg, (4) Sgt. Jackson, and (5) Captain Roach. (Doc. no. 7, p. 2; doc. no. 8, p. 3.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff is transgender female. (See generally doc. no. 7.) Upon arrival at JSP on September 27, 2022, Plaintiff requested placement in a private cell with no cellmate. (Doc. no. 7, p. 11.) Plaintiff submitted the request to Defendants Chambers, Prosser, Roach, and Bragg and, in support, showed them "notary letters." (Id.) Three gang members assaulted Plaintiff on October 3, 2022. (Id.) On November 2, 2022, Defendants Roach and Prosser transferred Plaintiff to a new cell, and one day later, Plaintiff's new roommate tried to rape and stab Plaintiff. (Id.) Plaintiff submitted a PREA complaint about the incident. (Id.)

On November 10, 2022, Plaintiff was placed in a new cell with Michael Thornton, who stabbed Plaintiff in the eye two days later. (Id.) Plaintiff was rushed to the hospital and lost thirty percent of vision in the left eye, but no charges were ever brought against Thornton. (Id.) On November 26, 2022, Plaintiff was placed in a new cell, and on the first night, the new roommate tried to enter Plaintiff's bed and masturbated in front of Plaintiff. (Id.) No officers were watching over the inmates during the night. (Id.) Defendant Jackson once told Plaintiff he wishes Plaintiff would "just die." (Id.) Plaintiff requests $6.7 million dollars in damages. (Id. at 13.)

**B.     DISCUSSION**

**1.     Legal Standard for Screening**

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the amended complaint must provide a "'plain statement' possess[ing]

enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

The court affords a liberal construction to a pro se litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails To State a Valid Failure to Protect Claim Against Defendants Chambers, Prosser, Bragg, and Roach

A prison official may violate an inmate's Eight Amendment right by acting with 'deliberate indifference' to a substantial risk of serious harm or disregarding a such a risk. Farmer v. Brennan, 511 U.S. 825, 828 (1994) (citations omitted). Accordingly, a prison inmate has a constitutional right to be protected from violence and from physical assault by other inmates. Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984) (*per curiam*); Gullatte v. Potts, 654 F.2d 1007, 1012 (5th Cir. Unit B Aug. 1981). When officials become aware of a threat to an inmate's health and safety, the Eighth Amendment imposes a duty to provide reasonable protection. Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) (*per curiam*). However, "[t]his does not mean that the constitutional rights of inmates are violated every time a prisoner is injured. It would not be reasonable to impose such an absolute and clearly unworkable responsibility on prison officials." Gullatte, 654 F.2d at 1012. "[T]here must be at least some allegation of a conscious or callous indifference to a prisoner's rights" that would raise the tort to the level of a constitutional violation in order to state a section 1983 cause of

action against prison officials for cruel and unusual punishment. Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982) (citations omitted).

"Although 'prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners,' not every instance of inmate on inmate violence 'translates into constitutional liability for prison officials responsible for the victim's safety.'" Terry v. Bailey, 376 F. App'x 894, 895 (11th Cir. 2010) (*per curiam*) (citing Farmer, 511 U.S. at 833-34). To establish an Eighth Amendment claim, a prisoner "must allege facts sufficient to show (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2016) (internal quotations omitted). These three elements are evaluated in part by an objective standard and in part by a subjective standard. See Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099 (11th Cir. 2014).

> As the Eleventh Circuit explained,
>
> When examining the first element—a substantial risk of serious harm—the court uses an objective standard. The second element—the defendant's deliberate indifference to that risk—has two components: one subjective and one objective. To satisfy the subjective component, a plaintiff must produce evidence that the defendant actually (subjectively) kn[ew] that an inmate [faced] a substantial risk of serious harm. To satisfy the objective component, a plaintiff must produce evidence that the defendant disregard[ed] that known risk by failing to respond to it in an (objectively) reasonable manner.

Id. (internal citations and quotations omitted).

Mere negligent failure to protect an inmate from an attack does not justify § 1983 liability. Brown, 894 F.2d at 1537. Stated otherwise, Eighth Amendment liability cannot be based on simple negligence or lack of due care, but rather requires some sort of conscious disregard of a serious and imminent risk. Farmer, 511 U.S. at 835-39; see also Adams v. Poag,

5

61 F.3d 1537, 1543 (11th Cir. 1995) (requiring a plaintiff to show "more than mere negligence," and stating that courts are to look for "obduracy and wantonness, not inadvertence or error in good faith.").

Plaintiff alleges she asked Defendants Chambers, Prosser, Roach, and Bragg for a private cell with no cellmate and showed them unspecified "notary letters." (Doc. no. 7, p. 11.)  The request was denied, and Plaintiff endured three assaults by different inmates over a two-month period.  (Id.)  Plaintiff does not allege Defendants knew of any specific threats that would have suggested placement in a private cell was appropriate.  Moreover, Plaintiff alleges no facts to suggest Defendants had advance knowledge of any of these assaults.  Nor do the assaults appear to be connected.  There was no deliberate indifference here as Defendants were unaware of any substantial risk to Plaintiff.  Thus, Plaintiff fails to state a claim against Defendants Chambers, Prosser, Roach, and Bragg.

### 3. Plaintiff Fails to State a Claim Against Defendant Jackson

Plaintiff fails to state a claim against Defendant Jackson.  Plaintiff merely asserts Defendant Jackson once told her he wishes she would "just die." (Doc. no. 7, p. 6.)  It is well-settled that mere name calling or verbal abuse, without more, does not state a claim under § 1983.  See Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 866 (11th Cir. 2008) (*per curiam*) ("[The plaintiff's] allegations of verbal abuse and threats by the prison officers did not state a claim because the defendants never carried out these threats and verbal abuse alone is insufficient to state a constitutional claim."); Thomas v. Savannah News Press Co., No. CV 487-307, 1987 WL 113751, at *2-4 (S.D. Ga. Dec. 3, 1987) (Edenfield, J.) (finding no § 1983 claim based on verbal abuse and threats).

Plaintiff does not connect Defendant Jackson with any purported constitutional violation. Dismissal is therefore appropriate.  See West v. Atkins, 487 U.S. 42, 48 (1988) (requiring in § 1983 case allegation of violation of right secured by Constitution or laws of United States by person acting under color of state law); Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Accordingly, Defendant Jackson should be dismissed.

### 4. Plaintiff's Official Capacity Monetary Claims

Plaintiff is suing the above-captioned Defendants in their individual and official capacities.  (Doc. no. 7, pp. 4-6.)  However, the Eleventh Amendment bars official capacity claims against state officials for money damages.  See Kentucky v. Graham, 473 U.S. 159, 169 (1985).  Therefore, Plaintiff's official capacity claims against all Defendants for monetary relief fails as a matter of law.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's amended complaint be **DISMISSED** for failure to state a claim upon which relief may be granted.

SO REPORTED and RECOMMENDED this 9th day of February, 2023, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA